UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

IN RE:                                )
                                      )
CLASSIC ACQUISITION, LLC              )          CASE NO.:  21-10164
                                      )              CHAPTER 7
         Debtor                       )
_____   )

**TRUSTEE'S SECOND SUPPLEMENT TO APPLICATION
TO EMPLOY SPECIAL COUNSEL**

NOW COMES Barbara B. Stalzer, as the Chapter 7 Trustee for Classic Acquisition, LLC ("Debtor") pursuant to 11 USC § 327 and Rule 2014, and provides this Court with this Second Supplement to her Application to Employ Special Counsel and states:

1.      On 1 September 2021, Debtor filed its voluntary Chapter 11 Subchapter V petition. Ms. Anne Morrow was the principal acting on behalf of the Debtor.

2.      On 8 March 2022, the Court converted this case to a case under Chapter 7 of the Bankruptcy Code and appointed Barbara Stalzer, Esq. as the Chapter 7 Trustee [DE 128].

3.      On 9 May 2022, I submitted an Application to Employ Special Counsel [DE 165].

4.      On 11 May 2022, the Court entered an order allowing the employment of Lance P. Martin and Ward and Smith, P.A. as Special Counsel [DE 166].

5.      On 24 May 2022, I submitted a Supplement to Application to Employ Counsel [DE 168].  As it appears from the attached Supplemental Declaration of Lance P. Martin, Mr. Martin is a licensed attorney in the State of North Carolina and is duly admitted to practice before this Court, and the Firm and its attorneys do

not hold or represent an interest adverse to the bankruptcy estate with respect to the matters within the scope of the proposed employment.

6.    As it further appears from the Declaration of Mr. Martin, he filed an Application for Fees and Expenses and noticed it to all creditors [DE 142].

7.    On 13 May 2022, the Court entered an order allowing fees to Mr. Martin and his firm for his work as Subchapter V Trustee ("Fee Award").  Mr. Martin has been paid nothing.

8.    In addition to the scope of services in the previous Order authorizing employment, I propose employment of Mr. Martin and his firm as special counsel to represent  me in dealing with the civil action in Buncombe County, North Carolina Superior Court captioned *Denise Anne Morrow, Steven A. Smith, Allen Equities, Inc. and SA Smith, Inc. v. Christopher S. Eller, Civil Design Concepts, P.A., Signature Opportunity C5, LLC, Edward O. Dewey, and Dewey, Inc.*, Case No. 22-CVS-02624 ("Civil Action"), and all related matters.

9.    A copy of the Complaint is attached as Exhibit A.

10.   On July 18, 2022, the Civil Action was filed by the Debtor's equity owners, Allen Equities, Inc., and SA Smith, Inc., and their owners, Denise Anne Morrow, and Steven A. Smith, in their individual capacities.

11.   The Trustee was not included as a party to the Civil Action, but it is critical that I get involved through intervention or other procedural methods.

12.   The Civil Action is a civil proceeding arising in and related to this case within the meaning of 28 U.S.C. § 1334(b).  Pursuant to the District Court's general order with respect to Title 11 cases and 28 U.S.C. § 157, this Court has exclusive jurisdiction over each and every cause of action asserted in the Civil Action.

13.   In the Civil Action, plaintiffs allege a conspiracy between defendants to trade on information obtained from Classic, as a client, and to mislead the Trustee as to the value of the Debtor's property (and property of the estate of Biltmore Land Corporation, Case No. 22-10054 ("Biltmore"), of which I also am Chapter 7 Trustee), to allow defendants Christopher S. Eller and Signature

Opportunity C5, LLC (collectively, "Eller") to purchase the property at a below-market price.

14.     The Complaint seeks monetary damages and a preliminary injunction barring "Defendant Eller and or any Eller-controlled entity, including but not limited to Signature Opportunity C5, LLC, from purchasing any portion" of the Debtors' property.  [Comp. ¶ 81.]

15.     The plaintiffs accuse Eller and Civil Design Concepts, P.A., ("CDC") of misappropriation of trade secrets, breach of fiduciary duty, and unfair and deceptive trade practices, and Dewey of unfair and deceptive trade practices.

16.     All these claims and causes of action belong to the Debtor's estate (and the Biltmore estate) and have a clear and direct impact on property of the estate under 11 U.S.C. § 541.

17.     The property plaintiffs seek to bar the purchase of is property of the estate under 11 U.S.C. § 541, and the Civil Action attempts to exercise control over it, in violation of the automatic stay in 11 U.S.C. § 362.

18.     CDC owed legal and contractual duties, if any, only to its client, Classic, whose claims now belong to the Trustee.

19.     Dewey is a court-appointed professional working for the Trustee. Dewey owes legal and contractual duties only to the Trustee and the Court.  Plaintiffs knew Dewey was a court-appointed professional but they sued him anyway, without Bankruptcy Court approval, in violation of the Barton Doctrine.

20.     Plaintiffs lack standing to bring these claims.  At a minimum, the Trustee is a necessary and indispensable party to the Civil Action.

21.     The Civil Action seeks to usurp the power of the Trustee, circumvent this Court's exclusive *in rem* jurisdiction over property of the estate, and intimidate a Court-appointed professional and a potential bona fide good-faith purchaser.

22.     Mr. Martin is a disinterested person who does not hold an interest adverse to the debtor or the estate.  The Trustee submits that Mr. Martin's former

position as Subchapter V Trustee and the fees awarded create no actual conflict of interest or affect his disinterestedness.

23.    The Fee Award does not directly or indirectly conflict with the Trustee's need to deal with the Civil Action.  This is not a situation where the Fee Award could cause Mr. Martin to serve one interest at the expense of another.

24.    Rather, Mr. Martin's desire to one day recover his Fee Award and the Trustee's desire to deal with the Civil Action, are aligned.  Both the Trustee and Mr. Martin desire to enlarge and protect the estate and its property, and dismiss vexatious, frivolous, and burdensome litigation that will diminish the estate.

25.    Trustees and their professionals are only compensated if they are successful in administering cases for the benefit of creditors.  Thus, Mr. Martin and his firm have every incentive to enlarge the estate while minimizing expenses.

26.    Furthermore, Mr. Martin and his firm are not actively representing themselves or taking any actions on the Fee Award.  It merely sits there, dormant, and will remain so until the end of the case.

27.    In addition, Mr. Martin's employment will avoid the additional time and expense for another attorney to become familiar with the facts and issues of the case.

28.    The Trustee lacks the time and resources to address the Civil Action on her own due to her other obligations and responsibilities in this complicated estate, and the assistance of special counsel is in the best interests of the estate.

29.    All fees and reimbursement for expense as Special Counsel would be authorized by the Court after notice and a hearing.  Attorney's fees for work done as special counsel will be billed at the following rates: Lance P. Martin, Esq. and other partners, $325/hour; associate attorneys, $235/hour; paraprofessionals, $195/hour or less.  Expenses will be billed at actual cost with mileage being billed at the Internal Revenue Service business mileage rate.

30.    Mr. Martin and his firm have indicated a willingness to act on the Chapter 7 Trustee's behalf and to be compensated in accordance with the terms and conditions set forth herein.

4

WHEREFORE, the Chapter 7 Trustee respectfully submits this Second Supplement to her Application to Employ Special Counsel.

This the 8th day of August, 2022.

/s/Barbara B. Stalzer
Barbara B. Stalzer
406 Upper Flat Creek Rd.
Weaverville, North Carolina 28787
N.C. State Bar No.:  54705
email:  trusteestalzer@gmail.com
Telephone:  828.645.4145
*Chapter 7 Trustee for Classic Acquisition, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

IN RE:                                    )
                                          )
    CLASSIC ACQUISITION, LLC              )           CASE NO.:  21-10164
                                          )           CHAPTER 7
            Debtor                        )
_____   )

## SECOND SUPPLEMENTAL DECLARATION OF LANCE P. MARTIN

I, Lance P. Martin, make this declaration in support of the Second Supplemental Application to Employ Ward and Smith, P.A. as Special Counsel for the Trustee, and show the Court as follows:

1.      I am a member of Ward and Smith, P.A. (the "Firm"), which has offices located at 82 Patton Avenue, Suite 300, Asheville, North Carolina 28801.

2.      I am a licensed attorney in the State of North Carolina, admitted to practice before this Court, and in good standing in this Court.

3.      To the best of my knowledge, and based on reasonable investigation, neither the Firm nor its members holds or represents an interest adverse to the bankruptcy estate as to the matters within the scope of this engagement.  Other than as disclosed herein, the Firm has no connections with the Debtor, its creditors, any party-in-interest or their respective attorneys and accountants, the Bankruptcy Administrator, or anyone employed by the Office of the Bankruptcy Administrator that would prevent the representation or make the representation improper in any way.

4.      The Firm has advised the Trustee of its willingness to serve as counsel and to be employed under an order pursuant to which it will receive reasonable compensation for its services and be reimbursed for its expenses under applicable law.

6

5.    The Firm intends to bill for its legal services in these cases in accordance with its usual practice, applying its customary hourly rates for matters of this type and charging for actual out of pocket disbursements and expenses customarily billed to its clients and necessarily incurred.  For purposes of this matter, the Firm has agreed to accept $325/hour for partners, $235/hour for associates, and no more than $195/hour for paraprofessionals.

6.    I believe that Ward and Smith, P.A. is eligible for employment and appointment by the Chapter 7 Trustee pursuant to the Bankruptcy Code and applicable Bankruptcy Rules.

7.    I was the Court-appointed Subchapter V Trustee in this case before the Court converted it to a case under Chapter 7.

8.    I believe that my experience as Subchapter V Trustee will be beneficial to the Chapter 7 Trustee and provide efficient, cost-effective, and non-duplicative representation as special counsel.

9.    When I was discharged from my duties as Subchapter V Trustee, I filed an Application for Fees and Expenses [DE 142] and noticed it to all parties-in-interest.  No one objected and the Court entered an order on 13 May 2022 [DE167].

10.    My claim for fees and expenses does not create a conflict of interest for me to perform the duties of special counsel for the Chapter 7 Trustee.

11.    In performing the duties for which the Trustee employs the Firm and me, I will endeavor to act in accordance with the advice and consent of the Trustee in an effort to maximize the recovery for the Estate, its creditors, and the Debtor's equity interests.

12.    In performing the duties for which the Trustee employs the Firm and me, I will take no action contrary to the best interests of the Estate, its creditors, and the Debtor's equity interests, as determined in consultation with the Trustee.

I declare that the foregoing statements are true, are based upon my personal knowledge, and are made under penalty of perjury under the laws of the United States.

Dated: August 8, 2022.

/s/Lance P. Martin
Lance P. Martin
N.C. State Bar I.D. No.:  027287
email:  lpm@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC  28802-2020
Telephone:  828.348.6070
Facsimile:  828.348.6077

CERTIFICATE OF SERVICE

I certify that the foregoing TRUSTEE'S SECOND SUPPLEMENTAL APPLICATION TO EMPLOY SPECIAL COUNSEL was filed electronically in accordance with the local rules and was served electronically on those entities that have properly registered for such electronic service. Entities not registered for electronic service have been served by depositing a copy thereof in the United States mail, postage pre-paid:

| | |
|---|---|
| Classic Acquisition, LLC<br>dba Classic Paint and Body<br>P.O. Box 263A<br>1854 Hendersonville Rd.<br>Asheville, NC  28803<br>*Debtor* | Michael Leon Martinez, Esq.<br>Grier Wright Martinez, P.A.<br>521 E. Morehead Street, Suite 440<br>Charlotte, NC 28202<br>*Attorney for Debtor*<br>***Served via CM/ECF*** |
| Dennis O'Dea, Esq.<br>SFS Law Group<br>122 N. McDowell Street<br>Charlotte, NC 28204<br>*Attorney for Allen Equities, Inc., Nexxus Global, Inc., Synergy Holdings, LLC, SA Smith, Inc., Ira Inman, Denise Anne Morrow, Steve Smith and Christopher Aaron Morrow*<br>***Served via CM/ECF*** | Steven W. Haskins, Esq.<br>HASKINS & ASSOCIATES, APC<br>3130 Bonita Road, Suite 203<br>Chula Vista, CA 91910<br>Attorney for *Allen Equities, Inc., Nexxus Global, Inc., Synergy Holdings, LLC, Ira Inman, Denise Anne Morrow and Christopher Aaron Morrow*<br>***Served via CM/ECF*** |
| Mark A. Pinkston, Esq.<br>Kristen R. Smith, Esq.<br>Van Winkle Law Firm<br>Post Office Box 7376<br>Asheville, NC 28802<br>*Attorneys for United Federal Credit Union*<br>***Served via CM/ECF*** | Christopher P. Raab, Esq.<br>Casey F. Cogburn, Esq.<br>CAUDLE & SPEARS, P.A.<br>121 West Trade Street, Suite 2600<br>Charlotte, NC 28202<br>*Attorneys for Hendrick Automotive Group*<br>***Served via CM/ECF*** |
| Gill Beck, Esq.<br>U.S. Attorney's Office<br>100 Otis Street<br>Room 233, US Courthouse<br>Asheville, NC 28801<br>*Attorney for IRS*<br>***Served via CM/ECF*** | |

This the 8th day of August, 2022.


/s/Barbara B. Stalzer
Barbara B. Stalzer
406 Upper Flat Creek Rd.
Weaverville, North Carolina 28787
N.C. State Bar No.:  54705
email:  trusteestalzer@gmail.com
Telephone:  828.645.4145
*Chapter 7 Trustee for Classic Acquisition, LLC*

STATE OF NORTH CAROLINA FILED          IN THE GENERAL COURT OF JUSTICE
COUNTY OF BUNCOMBE                     SUPERIOR COURT DIVISION
                                       FILE NO. 22-CVSCV 02624

                    2022 JUL 18 P 3: 29
DENISE ANNE MORROW,
STEVEN A. SMITH,          BUNCOMBE CO.,C.S.C.
ALLEN EQUITIES, INC., and
SA SMITH, INC.,           BY_____

                    Plaintiffs,


v.                                     **COMPLAINT AND MOTION FOR**
                                       **PRELIMINARY INJUCTION**


CHRISTOPHER S. ELLER,
CIVIL DESIGN CONCEPTS, P.A.,
SIGNATURE OPPORTUNITY C5, LLC,
EDWARD O. DEWEY, and
DEWEY, INC.,

                    Defendants.

---

NOW COME the Plaintiffs, complaining of the Defendants, jointly and severally, and allege and say as follows:

1.

Plaintiff Anne Morrow is a citizen and resident of San Diego County, California.

2.

Plaintiff Steven A. Smith is a citizen and resident of Henderson County, North Carolina.

3.

Plaintiff Allen Equities, Inc. is a North Carolina Corporation, with a principal place of business in Buncombe County, North Carolina.

4.

Plaintiff SA Smith, Inc. is a North Carolina Corporation, with a principal place of business in Buncombe County, North Carolina.

5.

That upon information and belief, Defendant Christopher Eller is a citizen and resident of Buncombe County, North Carolina.

6.

Upon information and belief, Defendant Civil Design Concepts, P.A. is a North Carolina Professional Corporation with a principal place of business in Buncombe County, North Carolina.

7.

Upon information and belief, Defendant Signature Opportunity C5, LLC is a North Carolina Corporation with a principal place of business in Buncombe County, North Carolina.

8.

That upon information and belief, Defendant Edward Dewey is a citizen and resident of Buncombe County, North Carolina.

9.

Upon information and belief, Defendant Dewey Inc. is a North Carolina Corporation with a principal place of business in Buncombe County, North Carolina.

10.

Upon information and belief, Dewey Inc. does business under the trade name Dewey Property Advisors, with Defendant Edward Dewey as the qualifying broker.

11.

The parties and the subject matter of this Complaint are within the jurisdiction of this Court and venue is proper in this Court and in Buncombe County.

12.

This action concerns the disposition and potential sale of three separate pieces of property:

1. 3 London Road, Asheville, North Carolina, Pin Number 964789041600000, Buncombe County Register of Deeds Book 5375, Page 1202, owned by Classic Acquisition, LLC;

2. 7 London Road, Asheville, North Carolina, Pin Number 964789213500000, Buncombe County Register of Deeds Book 5375, Page 1202, owned by Classic Acquisition LLC (collectively with 3 London Road hereinafter "Classic Properties"); and

3. 10 London Road, Asheville, North Carolina, Pin Number 964779921500000, Buncombe County Register of Deeds Book 2663, Page 647, owned by Biltmore Land Corporation, Inc. (hereinafter "Biltmore Land Property").

13.

Plaintiff Morrow is the sole shareholder of Plaintiff Allen Equities, Inc.

14.

Plaintiff Smith is the sole shareholder of Plaintiff SA Smith, Inc.

15.

Plaintiffs Allen Equities and SA Smith are the sole members of Classic Acquisition, LLC and Biltmore Land Corporation.

16.

Plaintiffs each have a property and equity interest in the disposition of the Classic Properties and Biltmore Land Property (collectively, the "Subject Properties").

17.

Classic Acquisition, LLC is currently under the care of Trustee Barbara Stalzer in a Chapter 7 Bankruptcy Action in the Western District of North Carolina, Case No. 21-10164.

18.

Biltmore Land Corporation is currently under the care of Trustee Barbara Stalzer in a Chapter 7 Bankruptcy Action in the Western District of North Carolina, Case No. 23-10054.

19.

Plaintiffs' Relationship with Defendant Eller and the Entities he Controls

Upon information and belief, Defendant Eller owns and controls Civil Design Concepts.

20.

Upon information and belief, Defendant Eller owns and controls Signature Opportunity C5.

21.

Defendant Civil Design Concepts is a civil engineering and design firm that facilitates development of properties in the Asheville area.

22.

Plaintiffs contracted with Civil Design Concepts to help design and develop the Subject Properties.

23.

Defendant Civil Design Concepts' work described in the preceding paragraph was part of the overall development plans for the Subject Properties, which was intended to develop the Subject Properties as a cohesive assemblage using all three Subject Properties.

24.

Plaintiffs placed special confidence in Civil Design Concepts to help Plaintiffs develop the Subject Properties.

25.

Plaintiffs compensated Civil Design Concepts for their work.

26.

Defendant Civil Design Concepts, through their contractual relationship with Plaintiffs, came into possession of Plaintiffs' confidential real estate research, development, trade secrets, and commercial information for the Subject Properties.

27.

Defendant Eller, as the owner and controller of Civil Design Concepts, has access to Plaintiffs' confidential real estate research, development, trade secrets, and commercial information for the Subject Properties.

28.

Defendant Eller was aware of the lucrative nature of the development of the Subject Properties, both as an assemblage and individually, as a result of his access to Plaintiffs' confidential research, development, trade secrets, and commercial information.

29.

Biltmore Land and Classic Acquisition suffered financial issues as a result of Plaintiff Smith's ongoing health issues, and as a result of the COVID pandemic.

30.

As a result, a foreclosure proceeding was instituted by the United Federal Credit Union on the Biltmore Property in Buncombe County, 21-SP-175.

31.

Defendant Eller, taking advantage of the information gained through his fiduciary relationship with the Plaintiffs, and for his own personal gain, placed a bid for $1,125,001 through another entity he controlled, Signature Opportunity C5, LLC on 7 April 2022.

32.

A Report of Foreclosure Sale was filed in Buncombe County on 7 April 2022 in the amount of $1,125,001, with Defendant Signature Opportunity C5 as the highest bidder.

33.

Biltmore Land Corporation entered bankruptcy prior to end of the upset bid period, and as a result the foreclosure sale was stayed.

34.

Upon information and belief, United Federal Credit Union is considering requesting the Bankruptcy Court to lift the stay of the foreclosure proceeding and so that the North Carolina District Court can complete the sale of the subject property to Defendant Eller through his entity, Defendant Signature Opportunity C5.

35.

Defendant Edward Dewey's Relationship with Defendant Eller and the Subject Properties

Defendant Dewey Inc. is employed by the Trustee in both the Biltmore Land and Classic Bankruptcy Cases to provide real estate brokerage services for the sale of the Subject Properties.

36.

Defendant Edward Dewey admitted in an affidavit in the Biltmore Bankruptcy Action that Dewey is friends with Defendant Eller, that they have partnered together on real estate developments in the past, and that Dewey Inc. has managed properties owned by Eller or Eller's companies in the past. Dewey's Affidavit is attached hereto as Exhibit A.

37.

Defendant Dewey's affidavit includes a self-serving statement that his prior business and personal relationship will "not affect or interfere with my, and the Firm's, ability to perform the duties for which the Trustee employs us, nor will it create any conflict of interest."

38.

However, Defendant Dewey Inc. and/or Defendant Edward Dewey have, upon information and belief, entered into contractual negotiations to sell the Biltmore property to Defendant Eller and/or Defendant Signature Opportunity C5, LLC for approximately 1,125,000.

39.

Despite Defendant Edward Dewey's affidavit, this potential sale to his personal friend and business associate lacks all indicia of an "arms-length transaction" necessary to protect the interests of the Plaintiffs.

40.

Splitting the assemblage of the Subject Properties reduces the overall value of the Subject Properties, and is not in the best interest of the Plaintiffs.

41.

A sale price of $1,125,000 is far below the market value for the Biltmore Property.

42.

Upon information and belief, the actual fair market value of the Biltmore Property exceeds $3,000,000.

43.

Upon information and belief, the entire assemblage of the Subject Properties has a fair market value in excess of $10 million dollars. Despite this fact, Defendant Dewey Inc. is marketing the Subject Properties at a sale price of $7,500,000.

44.

Upon information and belief, Defendant Dewey Inc and/or Defendant Edward Dewey have been contacted by other interested buyers but failed to engage with representatives of these other interested parties.

45.

Defendant Dewey Inc. and/or Defendant Edward Dewey are providing incorrect and/or misleading information to Trustee Stalzer in order to push through a sale to their close business and personal associate, Defendant Eller and/or his related entity, Signature Opportunity C5.

46.

In addition, Defendant Dewey Inc. and Edward Dewey stand to gain substantial financial compensation for completion of the sale of the Subject Properties—the listing agreement provides Dewey will charge a 6% commission on the gross sale price.

47.

Plaintiffs will be financially harmed by the above-described actions of Defendants. Plaintiffs control the equity interest in the proceeds of sale of the Subject Properties above and beyond the debts of Biltmore Land and Classic Acquisition. In addition, should the proceeds of the sale of the Subject Properties be insufficient to satisfy debts of Classic and Biltmore, Plaintiffs may be personally liable for any remaining debts.

## FIRST CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY
## DEFENDANT ELLER AND CIVIL DESIGN CONCEPTS

48.

The preceding paragraphs of this Complaint are realleged and incorporated herein by reference.

49.

Plaintiffs and Defendant Civil Design Concepts entered into a contract for Civil Design Concepts to provide civil engineering work for the Subject Properties in furtherance of the Plaintiffs' goal of developing the Subject Properties.

50.

Defendant Eller is the principal of Civil Design Concepts, and has access to Plaintiffs' proprietary and confidential real estate research, development, trade secrets, and commercial information for the Subject Properties.

51.

Defendants Civil Design Concepts and Eller have a fiduciary duty to Plaintiffs to act in the Plaintiffs' best interests regarding the Subject Properties.

52.

Instead, Defendant Eller has converted Plaintiffs' proprietary and confidential real estate research, development, trade secrets, and commercial information for the Subject Properties to his own financial gain, and to the detriment of the Plaintiffs.

53.

Defendant Eller has taken Plaintiffs' proprietary and confidential real estate research, development, trade secrets, and commercial information for the Subject Properties and determined that he would like to purchase and develop this property himself, despite the fact Plaintiffs paid Civil Design Concepts and Eller for the work Civil Design Concepts performed in furtherance of the development of the Subject Properties, and despite the special confidence Plaintiffs placed in Civil Design Concepts and Eller to act in Plaintiffs' best interests.

54.

Defendant Eller's conversion of Plaintiffs' proprietary and confidential real estate research, development, trade secrets, and commercial information for the Subject Properties is a breach of Eller and Civil Design Concepts' fiduciary duties to Plaintiffs.

55.

Should Eller or any of his associated and\or controlled companies, including but not limited to Signature Opportunity C5, LLC, be allowed to purchase any portion of the Subject Properties, Plaintiffs will be irreparably harmed.

56.

Plaintiffs have been damaged by the above-described actions of Defendants Eller and Civil Design Concepts, and are entitled to recover in excess of $25,000 as a result of the Defendants Breach of Fiduciary Duties to Plaintiffs.

## SECOND CAUSE OF ACTION
## MISAPPROPRIATION OF TRADE SECRETS
## DEFENDANTS ELLER AND CIVIL DESIGN CONCEPTS

57.

The preceding paragraphs of this Complaint are realleged and incorporated herein by reference.

58.

Plaintiffs proprietary and confidential real estate research, development, and commercial information constituted a trade secret of Plaintiffs' real estate development business.

59.

Plaintiffs' trade secrets derived independent financial value, in that it provided detailed real estate development plans and research regarding the Subject Properties and the surrounding market conditions in Asheville.

60.

These trade secrets have substantial financial value to any other potential real estate investor or developer looking to buy the Subject Properties or any other property in Buncombe County.

61.

Defendant Civil Design Concepts provided the information to Defendant Eller through Eller's role as the owner of Defendant Civil Design Concepts, and Eller used Plaintiffs' trade secrets to his own financial gain to enter the market as a competitor to Plaintiffs.

62.

Plaintiffs have been damaged by the above-described actions of Defendants Eller and Civil Design Concepts, and are entitled to recover in excess of $25,000 as a result of the Defendants misappropriation of Plaintiffs' Trade Secrets.

### THIRD CAUSE OF ACTION
### UNFAIR AND DECEPTIVE TRADE PRACTICES
### DEFENDANTS ELLER AND CIVIL DESIGN CONCEPTS

63.

The preceding paragraphs of this Complaint are realleged and incorporated herein by reference.

64.

Defendants Eller and Civil Design Concepts have at all relevant times been engaged in the business of civil design and engineering in the State of North Carolina.

65.

The business of civil design and engineering is in or affecting commerce.

66.

Defendants Eller and Civil Design Concepts had a fiduciary duty as a result of Civil Design Concepts' work with the Plaintiffs.

67.

Instead, Defendants Eller and Civil Design Concepts engaged in unfair and/or deceptive acts or practices, including but not limited to:

a. Collecting Plaintiffs' proprietary and confidential real estate research, development, trade secrets, and commercial information for the Subject Properties and converting this information to their own financial gain and to the detriment of the Plaintiffs;

b. Contracting with and charging Plaintiffs for real estate development work, only to later use that same information for their own financial gain and to the detriment of the Plaintiffs;

c. Entering into contractual negotiations with close business and personal associates Edward Dewey and Dewey Inc. for Plaintiffs' Subject Property to purchase the Subject Properties far below the fair market value of the Subject Properties; and

d. Any other way that can be shown through discovery or at the trial in this matter.

68.

That the abovementioned actions of Defendants Eller and Civil Design Concepts constitute unfair and deceptive trade practices under North Carolina General Statutes Chapter 75-1 *et seq*, that as a result of these actions Plaintiffs were harmed, and these unfair and deceptive actions were the proximate cause of Plaintiffs' damages.

69.

Plaintiffs are therefore entitled to recover in excess of $25,000, including costs, attorneys' fees, and a trebling of damages pursuant to N.C. Gen. Stat. § 75-16.

### FOURTH CAUSE OF ACTION
### UNFAIR AND DECEPTIVE TRADE PRACTICES
### DEFENDANTS EDWARD DEWEY AND DEWEY INC.

70.

The preceding paragraphs of this Complaint are realleged and incorporated herein by reference.

71.

Defendants Edward Dewey and Dewey Inc., d/b/a Dewey Property Advisors, have at all relevant times been engaged in the business of real estate brokerage and management.

72.

The business of real estate brokerage and management is in or affecting commerce.

73.

Defendants Edward Dewey and Dewey Inc. engaged in unfair and/or deceptive acts or practices, including but not limited to:

a. Marketing the Subject Properties in excess of 3 million dollars below the fair market value of the Subject Properties
b. Deceiving or/and misleading and/or omitting relevant information to Trustee Stalzer as to the true value of the Subject Properties;
c. Entering into contractual negotiations with close business and personal associates Defendant Eller and/or Signature Opportunity C5, LLC for Plaintiffs' Subject Property to sell the Subject Properties far below the fair market value of the Subject Properties to the exclusion of other interested buyers willing to pay more for the Subject Properties; and
d. Any other way that can be shown through discovery or at the trial in this matter.

74.

That the abovementioned actions of Defendants Edward Dewey and Dewey Inc. constitute unfair and deceptive trade practices under North Carolina General Statutes Chapter 75-1 *et seq*, that as a result of these actions Plaintiffs were harmed, and these unfair and deceptive actions were the proximate cause of Plaintiffs' damages.

75.

Plaintiffs are therefore entitled to recover in excess of $25,000, including costs, attorneys' fees, and a trebling of damages pursuant to N.C. Gen. Stat. § 75-16.

## MOTION FOR
## PRELIMINARY INJUNCTION

76.

The preceding paragraphs of this Complaint are realleged and incorporated herein by reference.

77.

Based on the allegations contained above, there are legal and equitable grounds to enjoin the purchase of any portion of the Subject Properties by Defendant Eller or any entity owned or controlled by Eller, including but not limited to Signature Opportunity C5, LLC.

78.

Plaintiffs would suffer immediate and irreparable harm should this Court allow the rights of the parties to become fixed through the sale of any portion of the Subject Properties to Defendant Eller or any entity controlled by Eller, including but not limited to Signature Opportunity C5, LLC.

79.

The status quo the Plaintiffs seek to maintain is their equity interests in the Subject Properties through their ownership in Biltmore Land Corporation and Classic Acquisition LLC.

80.

By the verified allegations recited herein, Plaintiffs have shown they are likely to succeed on the merits of their claims against Defendants and are entitled to injunctive relief requested below during the pendency of this Action.

81.

Pursuant to N.C.G.S. 1-485, Plaintiffs move for a preliminary injunction, and request this Court issue a preliminary injunction, at the proper time and after a proper hearing, enjoining Defendant Eller and or any Eller-controlled entity, including but not limited to Signature Opportunity C5, LLC, from purchasing any portion of the Subject Properties.

WHEREFORE, the Plaintiffs respectfully pray of the Court against the Defendants, jointly and severally, as follows:

1.    That the Court issue a Preliminary Injunction, which enjoins Defendant Eller and/or any entity he owns and\or controls, including but not limited to Signature Opportunity C5, LLC, from buying or attempting to buy any portion of the Subject Properties.

2.    That the Plaintiffs have and recover of Defendant Eller and Civil Design Concepts in an amount in excess of $25,000 pursuant to Plaintiffs' First Cause of Action.

3.    That the Plaintiffs have and recover of Defendant Eller and Civil Design Concepts in an amount in excess of $25,000 pursuant to Plaintiffs' Second Cause of Action.

4.    That the Plaintiffs have and recover of Defendant Eller and Civil Design Concepts trebled damage in an amount in excess of $25,000 pursuant to Plaintiffs' Third Cause of Action.

5.    That the Plaintiffs have and recover of Defendant Edward Dewey and Dewey Inc. trebled damage in an amount in excess of $25,000 pursuant to Plaintiffs' Fourth Cause of Action.

6.      For a trial by jury.

7.      For attorney's fees as provided by law for the applicable causes of action.

8.      That the Plaintiffs recover the costs of this action.

9.      That this Court accept this Verified Complaint as an affidavit in support of Plaintiffs' Motion for Preliminary Injunction.

10.     For such other and further relief this Court sees as proper.

This the 18th day of July 2022.

Mark R. Melrose
Adam R. Melrose
Melrose Law, PLLC
Post Office Box 567
Waynesville, North Carolina 28786
(828) 452-3141 Telephone
(828) 246-6221 Facsimile
*Attorneys for Plaintiffs*

## **VERIFICATION**

Denise Anne Morrow, being first duly sworn, deposes and says:

That she is a Plaintiff named in the foregoing action and the foregoing pleading and as such makes this verification; that she has read and knows the contents thereof; that the same is true of her own personal knowledge, except as to those matters and things therein alleged upon information and belief, and as to those matters and things she believes them to be true.

_____

Denise Anne Morrow

SWORN TO AND SUBSCRIBED before me this the 18th day of July 2022.

_____

Notary Public                                                                                (SEAL)

My Commission Expires: May 18, 2023



KRYSTAL CUTLER
Notary Public - California
San Diego County
Commission # 2288981
My Comm. Expires May 18, 2023

**EXHIBIT**



A

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **Biltmore Land Corporation, Inc.** | : | **CHAPTER 7** |
| | : | |
| **DEBTOR** | : | **CASE NO. 23-10054** |
| | : | |
| | : | **JUDGE HODGES** |
| | : | |

### Declaration of Eddie Dewey of Dewey Property Advisors, Inc.

I, Eddie Dewey, of Dewey Property Advisors, Inc., after being duly sworn, state as follows:

1.    I am a member of the real estate brokerage and management firm of Dewey Property Advisors, Inc. ("Firm").

2.    Ms. Barbara Stalzer in the duly-appointed Chapter 7 Trustee ("Trustee") in this bankruptcy.

3.    If the Court approves the Firm's employment, the primary responsible brokers will be Austin Tyler and Eddie Dewey. The firm's mailing address is 1 Page Avenue, Suite 240, Asheville, NC 28801 and the phone number is 828-548-0090.

4.    To the best of my knowledge, every person in the Firm, including me, is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the Debtor Biltmore Land Corporation, Inc. ("Biltmore Land").

5.    Neither I nor any member of this Firm holds or represents an interest adverse to this estate, and neither I nor any member of this Firm has had any business, professional, or other connections with Biltmore Land, its creditors, or any other party in interest of which I am aware, and their respective   attorneys, the

Western District Bankruptcy Administrator's Office personnel, other than possible professional or social relationships.

6.     Neither I nor any member of the Firm is related to any judge of this Court or so connected now or in the past with any judge of this Court as to render such employment improper.

7.     I have been informed that Biltmore Land is the record owner of real estate and improvements at 10 London Road, Asheville, North Carolina ("10 London Road").

8.     I have been further informed that before this bankruptcy proceeding, a foreclosure sale of 10 London Road occurred on the courthouse steps of the Buncombe County Courthouse on April 7, 2022 and that at the sale the high bidder was Signature Opportunity C5, LLC.

9.     I have been further informed that Christopher Eller is the organizer, manager, and registered agent of Signature Opportunity C5, LLC.

10.    I am friends with Christopher Eller. In the past, I have partnered with Christopher Eller to develop real estate in Buncombe County. This Firm has also managed properties owned by Christopher Eller or companies associated with him.

11.    Christopher Eller is not a member of this Firm.

12.    My personal and professional relationship with Christopher Eller will not affect or interfere with my, and the Firm's, ability to perform the duties for which the Trustee employs us, nor will it create any conflict of interest.

13.    Neither I nor any member of the Firm had any involvement in Christopher Eller's foreclosure bid to purchase 10 London Road through Signature Opportunity C5, LLC.

14.    Neither I nor any member of the Firm has any membership interest in Signature Opportunity C5, LLC.

15.    I am aware that Signature Opportunity C1, LLC is the record owner of real estate and improvements at 5 Sweeten Creek Road, Asheville North

Carolina. I also am aware that Christopher Eller is the organizer, manager, and registered agent of Signature Opportunity C1, LLC.

16.    Neither I nor any member of the Firm have any ownership interest in 5 Sweeten Creek Road or in Signature Opportunity C1, LLC.

17.    In performing the duties for which the Trustee employs the Firm, neither I nor any member of the Firm, or the Firm, will make any attempt to acquire any ownership interest in 10 London Road for ourselves, either directly or indirectly.

18.    In performing the duties for which the Trustee employs the Firm, neither I nor any member of the Firm, or the Firm, will extend preferential treatment to Christopher Eller, or any other friend, colleague, acquaintance, or business partner, in the marketing, brokering, and sale of 10 London Road.

19.    In performing the duties for which the Trustee employs the Firm, the Firm and I will endeavor to market, broker, and sell 10 London Road with full disclosure and transparency, and the advice and consent of the Trustee, in an effort to maximize the recovery for the Estate, its creditors, and the Debtor's equity interests.

20.    In performing the duties for which the Trustee employs the Firm, neither I nor any member of the Firm, or the Firm, will take any action or pursue any sale that is contrary to the best interests of the Estate, its creditors, and the Debtor's equity interests, as determined in consultation with the Trustee.

So stated and sworn, Dewey Property Advisors, Inc.

By: _____

Sworn to and subscribed
Before me this the 19th day of
May , 2022.

Notary Public _Joelle N. Hali_

My Commission expires: __11\30\2022__

ND:4893-4092-2399, v. 1

Joelle N Gali
Notary Public
Cumberland County
North Carolina
My Commission Expires 11\30\2022