## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into on August ___, 2023 by and between Barbara B. Stalzer, in her capacity as Chapter 7 Trustee of Classic Acquisition, LLC ("Plaintiff" or "Trustee"); and  Denise Anne Morrow, Steven A. Smith, Aaron Morrow, Ira Inman, Allen Equities, Inc., High Country Ranch, LLC, Nexxus Global, Inc., Green Cross Holdings, LLC, GreenToy, LLC, Scarboro Studios, Inc.,  Denise Anne Morrow dba Travelers National Trust, SA Smith, Inc., and Synergy Holdings, LLC (collectively, "Defendants").  (Plaintiff and Defendants are collectively referred to as the "Parties.")

RECITALS

A.      Plaintiff is the duly-appointed, acting, and qualified Chapter 7 Trustee for the Bankruptcy Estate of Classic Acquisition, LLC ("Debtor") in the Bankruptcy case bearing Case Number 21-10164 ("Base Case" or "Bankruptcy Case") filed on September 1, 2021 ("Petition Date"), and pending in the United States Bankruptcy Court for the Western District of North Carolina.

B.      On July 17, 2023, Plaintiff filed an Adversary Complaint against Defendants, Case Number 23-01005 ("Adversary").

C.      In the Adversary Complaint, Plaintiff asserted a variety of claims and causes of action against Defendants and sought damages exceeding $1.5 million.

D.      On July 18, 2023, upon Plaintiff's Motion, the Court entered a Temporary Restraining Order in the Adversary as to the California Ranch, as defined in the Adversary Complaint, to August 1, 2023.  By Consent Order, the Temporary Restraining Order was extended to September 5, 2023.

E.      Before and since the filing of the Adversary, the Parties, through counsel, have engaged in good-faith settlement negotiations to resolve the Adversary and, on or about July 19, 2023, reached agreement on settlement terms.

F.      To avoid the prospect of prolonged and costly litigation, and uncertainty as to collectability of any judgment obtained against any of the

1

Defendants in the Adversary, the Parties desire to compromise, settle, and release the claims in the Adversary as set forth in this Agreement.

G.     The settlement, resolution, and resulting payments under this Agreement are provided as consideration for the compromise of the Adversary; provided, however, that no payment, release, or other consideration given constitutes an admission of liability, wrongdoing, or default by any of the Parties, all such liability, wrongdoing, or default being expressly denied.

H.     The Parties to this Agreement believe that the terms are fair, equitable, and the result of an arms-length, bargained-for exchange.

NOW, THEREFORE, for and in consideration of the mutual promises and covenants in this Agreement, the receipt and legal sufficiency of which are acknowledged, the Parties agree as follows:

1.     Conditions.  The terms of this Agreement are conditioned on and subject to final approval by the United States Bankruptcy Court for the Western District of North Carolina pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.  Plaintiff will file a motion ("Settlement Motion") in the Adversary seeking approval of the terms of this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure on a no-protest basis and, if there are objections, will notice it for hearing on **September 5, 2023, at 10:00 a.m., Main Courtroom, United States Bankruptcy Court, Western District of North Carolina, 100 Otis Street, Asheville, North Carolina** before the Honorable Judge George Hodges or as soon thereafter as the Court can hear the motion.

2.     Court Approval.   Upon entry of a Bankruptcy Court Order approving the Agreement ("Settlement Date"), then within five days thereafter, the Parties will execute this Agreement and the related settlement documents described herein.

3.     Confession of Judgment.  Within five days of the Settlement Date, Defendants Denise Anne Morrow, Steven A. Smith, Allen Equities, Inc., High Country Ranch, LLC, Nexxus Global, Inc., Green Cross Holdings, Inc., GreenToy, LLC,

Scarboro Studios, Inc., Denise Anne Morrow dba Travelers National Trust, and SA Smith, Inc. will execute a Confession of Judgment in favor of Plaintiff, a copy of which is attached as **Exhibit A** and incorporated by reference.  The Confession of Judgment will not be filed pending compliance with the other terms of this Agreement.  In the event of default, before filing the Confession of Judgment, Plaintiff will file an Affidavit of payment so that Defendants receive credit for all payments received by Plaintiff under this Agreement.

4.      Personal Financial Statement.  Within five days of the Settlement Date, Defendant Denise Anne Morrow will provide Plaintiff with a signed and verified Personal Financial Statement, in form and content substantially similar to **Exhibit B**.

5.      Settlement Payment.  Defendants shall pay or cause to be paid to Plaintiff the aggregate amount of $1,350,000 ("Settlement Amount"), as follows: An initial payment of $100,000 within 60 days of the Settlement Date ("Initial Payment"), one payment of $100,000 by December 31, 2023 ("Second Payment"), and one final payment of $1,150,000 by February 29, 2024 ("Final Payment").   If the Defendants fail to make the Second Payment or Final Payment by the due date, then they will have a 30-day grace period to make the payment without triggering a default.  Defendants may pre-pay the Settlement Amount at any time without penalty.

6.      Second Deed of Trust as Collateral.  To ensure Defendants' faithful observance of all terms and conditions set forth in the Temporary Restraining Order and this Settlement Agreement, including, but not limited to, the payment of the Settlement Amount, all necessary Defendants will execute a 2nd position Deed of Trust ("Second Deed of Trust"), in form and content legally binding under California law, and it will be recorded against the Defendants' real property at 5755 Boulder Creek Rd., Julian, CA 92067, defined in the Adversary Complaint as the "California Ranch."  The Temporary Restraining Order states that Defendants Anne Morrow, Ira Inman and High Country Ranch, LLC, or anyone acting on their behalf, are enjoined from further encumbering the California Ranch by drawing on any loan or lines of

credit secured by the California Ranch.  This includes the $1,750,000 loan obtained on or around 14 November 2022, by High Country Ranch, LLC, which is secured by a 1st position Deed of Trust and Assignment of Leases and Rents, Fixture Filing, and evidenced by a security agreement in favor of several lenders, collectively referred to in the Adversary Complaint as the "Maggio Capital Deed Of Trust." Said Deed of Trust is recorded with the San Diego County Recorder as Document Number 2022-0436593. Notwithstanding the foregoing, the Parties agree that they will consent to the Second Deed of Trust being recorded against the California Ranch to secure the Defendants' settlement obligations to Plaintiff, and will request the Court dissolve the Temporary Restraining Order in the Settlement Motion.

7. <u>Dissolution of TRO</u>.  As part of the Settlement Motion and upon the recordation of the Second Deed of Trust, the Parties will request the Court dissolve the Temporary Restraining Order.

8. <u>Replacement Financing</u>.  The Parties acknowledge that Defendants may seek to pledge or encumber the California Ranch to secure financing to pay all or part of the Settlement Amount (the "Replacement Financing").  The Second Deed of Trust shall remain in place unless and until it is released and reconveyed as part of any Replacement Financing transaction that satisfies in full the Settlement Amount.   The Parties agree to work together in good faith and provide the appropriate disclosures as necessary to meet the purpose and spirit of this Agreement.  The parties further agree to take all necessary and reasonable other steps to facilitate the Replacement Financing.

9. <u>Dismissal of Adversary as to Confession of Judgment Defendants</u>. Within five days of receipt of the Confession of Judgment, Second Deed of Trust, and the Initial Payment, Plaintiff will file a Notice of Voluntary Dismissal with prejudice of the Adversary under Rule 7041 of the Rules of Bankruptcy Procedure as to Defendants Denise Anne Morrow, Steven A. Smith, Allen Equities, Inc., High Country Ranch, LLC, Nexxus Global, Inc., Green Cross Holdings, Inc., GreenToy, LLC, Scarboro Studios, Inc.  Denise Anne Morrow dba Travelers National Trust, and

SA Smith, Inc.

10.     Stay of Adversary as to Aaron Morrow, Ira Inman, and Synergy Holdings, LLC. Within five days of receipt of the Confession of Judgment, Second Deed of Trust, and the Initial Payment, Plaintiff and Defendants Aaron Morrow, Ira Inman, and Synergy Holdings, LLC will file a Joint Motion to Stay the Adversary as to them until the term of this Agreement expires. Upon Final Payment of this Settlement Agreement, Plaintiff will file a Notice of Voluntary Dismissal with prejudice of the Adversary under Rule 7041 of the Rules of Bankruptcy Procedure as to Defendants Aaron Morrow, Ira Inman, and Synergy Holdings, LLC.

11.     Payment Delivery Instructions. The Initial Payment, Second Payment, and Final Payment shall be delivered to this address: Barbara B. Stalzer, 406 Upper Flat Creek Road, Weaverville, NC 28787. The Initial Payment shall be by certified check or law firm trust account check, payable to "Barbara B. Stalzer, Chapter 7 Trustee for Classic Acquisition, LLC." Plaintiff reserves the right to make reasonable changes to the payment method and address upon reasonable notice to Defendants.

12.     No Admission of Liability: The Parties agree that the execution of this Agreement is done solely for the purposes of compromise, and to eliminate the burden and expense of further litigation, and does not constitute, and shall not be construed as, an admission of liability, wrongdoing, fault, judgment or concession, or as evidence with respect thereto, by any Party, on account of any claims or matters arising between Barbara B. Stalzer, in her capacity as Chapter 7 Trustee of Classic Acquisition, LLC on the one side and Denise Anne Morrow, Steven A. Smith, Aaron Morrow, Ira Inman, Allen Equities, Inc., High Country Ranch, LLC, Nexxus Global, Inc., Green Cross Holdings, LLC, GreenToy, LLC, Scarboro Studios, Inc., Denise Anne Morrow dba Travelers National Trust, SA Smith, Inc., and Synergy Holdings, LLC on the other side, any such liability being specifically denied. The Parties further agree that this Settlement Agreement shall not be offered or received against any of the Parties as evidence of a presumption, concession, or admission with respect

5

to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement, provided, however, that Denise Anne Morrow, Steven A. Smith, Aaron Morrow, Ira Inman, Allen Equities, Inc., High Country Ranch, LLC, Nexxus Global, Inc., Green Cross Holdings, LLC, GreenToy, LLC, Scarboro Studios, Inc.,  Denise Anne Morrow dba Travelers National Trust, SA Smith, Inc., and Synergy Holdings, LLC may refer to it to effectuate the liability protection granted them hereunder.

13.    Mutual Release of Claims.   Except as provided herein and conditioned upon Defendants' full compliance with the terms and conditions contained in this Agreement, Plaintiff hereby releases and forever discharges Defendants, and their respective heirs, administrators, executors, estates, agents, representatives, successors and assigns from any and all claims that she ever had, now has or hereafter can, shall, or may, have for, upon, or by reason of any matter pled in the Adversary.  Except as provided herein and conditioned upon Trustee's full compliance with the terms and conditions contained in this Agreement, Defendants, on their own behalf and on behalf of their respective heirs, administrators, executors, estates, agents, representatives, successors and assigns, hereby release and forever discharge Plaintiff, and her attorneys and other professionals, from any and all claims that they ever had, now have, or hereafter can, shall, or may, have for, upon, or by reason of any matter pled in the Adversary.

14.    Bankruptcy.  Notwithstanding this Agreement and as a further condition precedent to this Agreement, each Defendant will not file a voluntary petition for protection under any Chapter of the United States Bankruptcy Code for at least 90 days after execution of this Agreement.  If any Defendant violates this provision or if an involuntary Bankruptcy proceeding is filed against one of them within ninety (90) days after execution of this Agreement, and if a Bankruptcy Court thereafter determines that any settlement payment should be disgorged or returned

to a debtor in Bankruptcy, a Bankruptcy Trustee, or the Court, then Plaintiff may declare this Agreement void.  In the event that Plaintiff declares the Agreement void, then all consideration will be returned and all Parties will be placed, to the fullest extent possible, in their original position.  Plaintiff also will have all the rights to which it is entitled by law in the Bankruptcy action.

15.     Other Documents.   The Parties, as necessary, shall execute, acknowledge, and deliver any further instruments reasonably required to give full force and effect to the provisions of this Agreement.

16.     Duplicate Originals.  This Agreement may be signed in two or more separate counterparts and exchanged by PDF attachment to email, each of which shall be deemed an original, and all of which together shall constitute but one document.  The Agreement also may be signed electronically via DocuSign.

17.     Time of Essence.  The Parties agree that time is of the essence with regard to this Agreement and the transactions and events contemplated hereby.

18.     Survival.  Any provision contained herein that by its nature and effect is required to be observed, kept, or performed after the execution of this Agreement shall survive the execution and remain binding upon and for the benefit of the Parties hereto until fully observed, kept, or performed.

19.     Integration and Binding Effect. Waiver.  The entire agreement, intent, and understanding between the Parties is contained in the provisions of this Agreement, and any stipulations, representations, promises, or agreements, written or oral, made before or contemporaneously with this Agreement shall have no legal or equitable effect or consequence unless reduced to writing herein.  No waiver of any of the provisions hereof shall be effective unless in writing and signed by the party to be charged with such waiver.

20.     Free Will.  The Parties warrant that they are legally competent and fully empowered and authorized to execute this Agreement, and that they do so of their own free will and accord.  The Parties further warrant that they have not conveyed or assigned, pledged, hypothecated, or otherwise disposed of any interest in

the claims, defenses, or causes of action being released herein.  No promises or representations of any kind have been made to any party by any other party except as contained in this Agreement.

21.   Voluntary Action.  The Parties represent and warrant that they have entered into and executed this Agreement voluntarily, knowingly, and with the benefit of advice of legal counsel of their own choosing.

22.   Severability.  If for any reason any provision of this Agreement is determined to be invalid or unenforceable, the remaining provisions of this Agreement nevertheless shall be construed, performed, and enforced as if the invalidated and unenforceable provision had not been included in the Agreement's text.

23.   Drafting By All Parties.  This agreement was drafted, reviewed, and approved jointly by all Parties.  It shall not be construed against any party as the drafter.

24.   Signatories' Authority to Bind.  Each signatory hereto for any legal entity represents and warrants that he or she has full power and authority to legally bind such entity to this Agreement.

25.   Binding Effect.  This Agreement and its terms and conditions shall be binding upon and inure to the benefit of the Parties and their respective successors, predecessors, assigns, agents, representatives, heirs, executors, administrators, and personal representatives.  The prevailing party in any litigation, arbitration, or mediation, including appellate actions, arising out of the breach, threatened breach of and/or enforcement of the terms of this Agreement shall recover its attorneys' fees and costs incurred therein.

26.   Understandings.  The Parties agree that they have executed this Agreement based on their own knowledge and their own investigation of the facts and that no party has executed this Agreement in reliance upon any statement or omission of any person connected with, representing, or represented by any of the other Parties to this Agreement.

8

27.     <u>Retention of Jurisdiction</u>.  The United States Bankruptcy Court for the Western District of North Carolina shall retain jurisdiction over all matters pertaining to the interpretation and enforcement of the terms of this Agreement.

IN WITNESS WHEREOF, the parties have executed this agreement in such form as to be binding effective by the date first-above written.

_____
Denise Anne Morrow, Individually

_____
Steven A. Smith, Individually

_____
Aaron Morrow, Individually

_____
Ira Inman, Individually

High Country Ranch, LLC

        By: _____
              Ira Inman, Member-Manager

        By: _____
              Denise Anne Morrow, Member-Manager

_____
Nexxus Global, Inc., by Denise Anne Morrow, President

_____
Green Cross Holdings, LLC, by Denise Anne Morrow, Member-Manager


_____
GreenToy, LLC, by Denise Anne Morrow, Member-Manager


_____
Scarboro Studios, Inc., by Denise Anne Morrow, President


_____
Allen Equities, Inc., by Denise Anne Morrow, President


_____
SA Smith, Inc., by Steven A. Smith, President


_____
Synergy Holdings, LLC, by Ira Inman, Member-Manager


_____
Barbara B. Stalzer, in her capacity as Chapter 7 Trustee
of Classic Acquisition, LLC


ND:4894-1529-5096, v. 1

# EXHIBIT A

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. _____

|  |  |
|---|---|
| Barbara Stalzer, Trustee of the<br>Bankruptcy Estate of<br>Classic Acquisition, LLC,<br><div align="center">Plaintiff</div><br>v.<br><br>Denise Anne Morrow, Allen Equities,<br>Inc., NEXXUS Global, Inc., Green<br>Cross Holdings, LLC, Green Toy, LLC,<br>High Country Ranch, LLC, Travelers<br>National Trust, Scarboro Studios, Inc.,<br>Steven A. Smith and SA Smith, Inc.<br><br><div align="center">Defendants</div> | CONFESSION OF JUDGMENT |

Pursuant to Rule 68.1 of the North Carolina Rules of Civil Procedure, Defendants Denise Anne Morrow, Allen Equities, Inc., NEXXUS Global, Inc., Green Cross Holdings, LLC, Green Toy, LLC, High Country Ranch, LLC, Scarboro Studios, Inc., Steven A. Smith, and SA Smith, Inc state:

1.  Plaintiff is the duly-appointed, acting, and qualified Chapter 7 Trustee for the Bankruptcy Estate of Classic Acquisition, LLC.

2.  Classic Acquisition, LLC ("Debtor") is the debtor in the bankruptcy case bearing Case Number 21-10164 ("Bankruptcy Case") filed on September 1, 2021 ("Petition Date"), and pending in the United States Bankruptcy Court for the Western District of North Carolina ("Court").

3.  Defendant Denise Anne Morrow aka Denise Almond Morrow, D.A. Morrow, Denise Marrow Morrow, Denise M. Morrow, Denise Patton Morrow, Denise M. Almond-Morrow, and Denise M. Patton ("Morrow") is a resident of Georgia.

4.  Defendant Allen Equities, Inc. is a North Carolina corporation

with a principal place of business and mailing address in Buncombe County, North Carolina. Upon information and belief, Morrow is the president and 100% shareholder of Allen Equities. Allen Equities is the 50% owner of the Debtor.

5.     Defendant NEXXUS Global, Inc. is a Florida corporation with a principal place of business and mailing address in Buncombe County, North Carolina ("NEXXUS"). Upon information and belief, Morrow is the president and 100% shareholder of NEXXUS.

6.     Defendant Green Cross Holdings, LLC ("Green Cross Holdings") was a North Carolina limited liability company, formed in 2017, with a registered and mailing address in Asheville, Buncombe County, North Carolina. The North Carolina Secretary of State administratively dissolved it on October 11, 2019, it was reinstated on July 16, 2020, and administratively dissolved again on March 17, 2023. Upon information and belief, Anne Morrow was its sole member and manager.

7.     Defendant GreenToy, LLC ("GreenToy") was a North Carolina limited liability company, formed in 2017, with a registered and mailing address in Asheville, Buncombe County, North Carolina. The North Carolina Secretary of State administratively dissolved it on February 2, 2018. Upon information and belief, Anne Morrow was its sole member and manager.

8.     Defendant High Country Ranch, LLC is a California corporation formed in 2017 ("High Country Ranch"). Upon information and belief, Anne Morrow was the sole member and manager until 2022, when Ira Inman was added as a manager.

9.     Defendant Travelers National Trust is an unregistered "doing business as" for Allen Equities, Inc. or Anne Morrow. No entity registration appears with that name with the Secretary of State of North Carolina or Georgia.

10.     Defendant Scarboro Studios, Inc., formerly known as Scarboro Fair Studios, Inc. ("Scarboro"), is a Georgia corporation formed in 2017 with a business address in Asheville, Buncombe County, North Carolina. Upon information and belief, Anne Morrow is the CEO, CFO and 100% shareholder of

Scarboro.

11.    Defendant Steven Allen Smith is a resident of Henderson County, North Carolina.

12.    Defendant SA Smith, Inc. is a North Carolina corporation with a principal place of business and mailing address in Henderson County, North Carolina.  Upon information and belief, Smith is the president and 100% shareholder of SA Smith, Inc.  SA Smith, Inc. owns 50% of Classic.

13.    This Court has jurisdiction over the parties to this action and the subject matter of the claims set forth herein.

14.    Venue is proper in Buncombe County, North Carolina.

### CLAIMS FOR RELIEF

15.    On July 17, 2023, Plaintiff filed an Adversary Complaint against Defendants in the United States Bankruptcy Court for the Western District of North Carolina, Case Number 23-01005.

16.    In the Adversary Complaint, Plaintiff asserted a variety of claims and causes of action against Defendants and sought damages exceeding $1.5 million.

17.    Plaintiff and Defendants entered into a Settlement Agreement ("Agreement") dated August ___, 2023, approved by the United States Bankruptcy Court for the Western District of North Carolina, with respect to the Adversary Complaint.  The recitals, terms, and conditions of the Agreement are incorporated by reference.

18.    In connection with the Agreement, Defendants hereby confess judgment and authorize the entry of judgment against them in favor of Plaintiff in the amounts set forth in this Confession of Judgment.

19.    This Confession of Judgment is given by Defendants as additional consideration and security for the promises, representations, and warranties by Defendants to satisfy the payment of the Agreement in accordance with its terms.

3

20.     **Provided**, **however**, it is specifically understood between the parties and the parties agree that this Confession of Judgment will not be put on record for so long as there is no event of default under, and payments are made in accordance with, the Agreement.

21.     Defendants further agree that if payment is not made in accordance with the terms of this Confession of Judgment and the Agreement, or if there is an event of default under the Agreement, Plaintiff may file this Confession of Judgment in Buncombe County, North Carolina, and execute upon, transcribe, and domesticate it.

22.     If Plaintiff files this Confession of Judgment, then the filing shall be accompanied by an affidavit of counsel for Plaintiff stating the unpaid balance under the Agreement, and any amounts paid prior to entry of this Confession of Judgment as reflected in the affidavit will be immediately credited to the Judgment.

23.     Defendants expressly acknowledge that this Confession of Judgment is a Confession of Judgment "for money due or money that may become due" as that phrase is used in Rule 68.1 of the North Carolina Rules of Civil Procedure and that this statement concisely shows why the undersigned may become liable to Plaintiff.

24.     Defendants may prepay the sums payable on the Obligations without penalty.

**[SIGNATURES NEXT PAGE]**

This _____ day of August, 2023.


_____(SEAL)
Denise Anne Morrow, individually



STATE OF CALIFORNIA

COUNTY OF _____


I certify that the following person personally appeared before me this day, acknowledging to me that she signed the foregoing document for the purpose(s) stated therein:  Denise Anne Morrow.


Date: _____

_____
*Signature of Notary Public*

_____
Notary's printed or typed name

My commission expires: _____

*(Official Seal)*

Notary seal or stamp must appear within this box.


5

ALLEN EQUITIES, INC.


By: _____(SEAL)


STATE OF _____

COUNTY OF _____

I certify that the following person personally appeared before me this day, acknowledging to me that he or she signed the foregoing document for the purpose(s) stated therein: _____.


Date: _____

_____
*Signature of Notary Public*


_____
Notary's printed or typed name

My commission expires: _____

*(Official Seal)*

Notary seal or stamp must appear within this box

NEXXUS GLOBAL, INC.


By: _____(SEAL)


STATE OF _____

COUNTY OF _____

I certify that the following person personally appeared before me this day, acknowledging to me that he or she signed the foregoing document for the purpose(s) stated therein: _____.


Date: _____

_____

*Signature of Notary Public*

_____

Notary's printed or typed name

My commission expires: _____

*(Official Seal)*

Notary seal or stamp must appear within this box

GREEN CROSS HOLDINGS, LLC

By: _____(SEAL)

STATE OF _____

COUNTY OF _____

I certify that the following person personally appeared before me this day, acknowledging to me that he or she signed the foregoing document for the purpose(s) stated therein: _____.

Date: _____

_____
*Signature of Notary Public*

_____
Notary's printed or typed name

My commission expires: _____

*(Official Seal)*

Notary seal or stamp must appear within this box

8

GREEN TOY, LLC


By: _____(SEAL)



STATE OF _____

COUNTY OF _____

I certify that the following person personally appeared before me this day, acknowledging to me that he or she signed the foregoing document for the purpose(s) stated therein: _____.


Date: _____

                                        _____
                                        *Signature of Notary Public*


                                        _____
                                        Notary's printed or typed name

                                        My commission expires: _____

*(Official Seal)*

Notary seal or stamp must appear within this box

HIGH COUNTRY RANCH, LLC

By: _____(SEAL)

STATE OF _____

COUNTY OF _____

I certify that the following person personally appeared before me this day, acknowledging to me that he or she signed the foregoing document for the purpose(s) stated therein: _____.

Date: _____

_____
*Signature of Notary Public*

_____
Notary's printed or typed name

My commission expires: _____

*(Official Seal)*

Notary seal or stamp must appear within this box

10

SCARBORO STUDIOS, INC.


By: _____(SEAL)



STATE OF _____

COUNTY OF _____

I certify that the following person personally appeared before me this day, acknowledging to me that he or she signed the foregoing document for the purpose(s) stated therein: _____.


Date: _____

| |
|---|
| *Signature of Notary Public* |

| |
|---|
| Notary's printed or typed name |

My commission expires: _____

*(Official Seal)*

Notary seal or stamp must appear within this box

_____(SEAL)
Steven A. Smith, individually


STATE OF CALIFORNIA

COUNTY OF _____

I certify that the following person personally appeared before me this day, acknowledging to me that she signed the foregoing document for the purpose(s) stated therein:  Steven A. Smith.


Date: _____

_____
*Signature of Notary Public*

_____
Notary's printed or typed name

My commission expires: _____

*(Official Seal)*

Notary seal or stamp must appear within this box.

12

SA SMITH, INC.


By: _____(SEAL)



STATE OF _____

COUNTY OF _____

I certify that the following person personally appeared before me this day, acknowledging to me that he or she signed the foregoing document for the purpose(s) stated therein: _____.


Date: _____

_____
*Signature of Notary Public*


_____
Notary's printed or typed name

My commission expires: _____

*(Official Seal)*

Notary seal or stamp must appear within this box

13

Upon the foregoing Confession of Judgment, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Barbara B. Stalzer, as Chapter 7 Trustee for the Bankruptcy Estate of Classic Acquisition, LLC, have and recover of Defendants Denise Anne Morrow, Allen Equities, Inc., NEXXUS Global, Inc., Green Cross Holdings, LLC, Green Toy, LLC, High Country Ranch, LLC, Scarboro Studios, Inc., Steven A. Smith, and SA Smith, Inc., jointly and severally, the sum of $1,350,000.00 and the costs of this action.

This the _____ day of _____, _____.


_____
_____ Clerk of Superior Court
Buncombe County, North Carolina

14

# EXHIBIT B

# PERSONAL FINANCIAL STATEMENT

## Individual Information (Type or Print)

NOTE:  Any willful misrepresentation could result in a violation of Federal Law (Sec. 18 U.S.C. 1014)

Name: _____  Birth Date: _____  Social Sec. Number: _____
Street Address: _____  City: _____  State/Zip: _____  No. of Dependents: _____
Business Name: _____  Bus. Or Occupation: _____  Length of Employment: _____
Home Phone: _____  Business Phone: _____  E-mail/Website: _____
Driver's License Number: _____  State Issued _____

## Joint/Other Party Information (Type or Print)

Name: _____  Birth Date: _____  Social Sec. Number: _____
Street Address: _____  City: _____  State/Zip: _____  No. of Dependents: _____
Business Name: _____  Bus. Or Occupation: _____  Length of Employment: _____
Home Phone: _____  Business Phone: _____  E-mail/Website: _____
Driver's License Number: _____  State Issued _____

## STATEMENT OF FINANCIAL CONDITION AS OF _____, 20 __

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| 1 Cash In Banks   (Schedule D) | | Unpaid  Taxes Due | |
| 2 Cash Value of Life Insurance  (Schedule E) | | Loans on Life Insurance Policies (Schedule E) | |
| 3 U.S. Gov. & Marketable Securities (Schedule F) | | Loans on Marketable Securities (Schedule F) | |
| 4 Other Assets Readily Convertible to Cash:(Itemize) | | Credit Card Debt | |
| 5 | | Other Liabilities Due within 1 Year: (Itemize) | |
| 6 | | | |
| 7 | | | |
| 8 Partial Interest in Real Estate (Schedule G) | | Mortgage on Partially Owned Real Estate (Sch.  G) | |
| 9 Real Estate Owned (Schedule H) | | Real Estate Mortgages Payable (Schedule H) | |
| 10 Accounts, Loans, Notes, Mortages Receivable (Schedule I) | | Accounts, Loans, Notes Payable(other than included in Sch E, F, G, H &  J)(Schedule K) | |
| 11 Interest In Non-Marketable Securities (to include C-Corps, S-Corps, Ptnrshps, and LLCs) (Schedule J) | | Loans on Non-Marketable Securities (schedule J) | |
| 12 Vehicles | | Other Debt: (Itemize) | |
| 13 Other Assets: (Itemize) | | | |
| 14 Personal property | | | |
| 15 | | Total Liabilities | |
| 16 | | Net Worth (Total Assets minus Total Liabilities) | |
| 17                TOTAL ASSETS | | TOTAL LIABILITIES & NET WORTH | |

## Annual Income and Expenditures

Annual Income for Year-End _____, 20__

| Annual Income | | Annual Expenditures | | Contingent Liabilities | | |
|---|---|---|---|---|---|---|
| Salary, Bonuses & Commissions | $ | Taxes - Federal/State/Local | $ | | | |
| Dividends & Interest | $ | Real Estate Taxes | $ | | | |
| Real Estate Income (Net) | $ | Insurance Premiums | $ | ☐ | ☐ | $ |
| Other Income - Itemize | $ | Mortgage Payments | $ | | | |
| | $ | Rent Payable | $ | ☐ | ☐ | $ |
| | $ | Other Contract Payments (credit cards, auto) | $ | | | |
| | $ | | $ | ☐ | ☐ | $ |
| | $ | Alimony/Child Support | $ | ☐ | ☐ | $ |
| | $ | | $ | | | |
| Total Income | $ | Total Expenditures | $ | Total Contingent Liabilities | $ | |

## General Information - If yes, then attach explaination

Are you a U.S. Citizen? ☐Yes ☐No  - Country _____    Are you a defendant in any suits or legal actions? ☐No ☐Yes

Have you ever filed for bankruptcy protection in the last 14 years? (Explain): ☐No ☐Yes    Are any assets held in trust? ☐No ☐Yes

## Schedule D  CASH IN BANKS

| NAME OF BANK | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | TOTALS | | |

Schedules and attachments should be signed and dated by the individual and joint party(if applicable)

**Schedule E   LIFE INSURANCE (List only those Policies that you own)**

| COMPANY | | | | Policy Holder | BENEFICIARY |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | TOTALS | | | | |

**Schedule F   SECURITIES OWNED (Including U.S. Gov't Bonds and all other Marketable Stocks and Bonds)**

| | | In Name Of | COST | Market Value | Amount Pledged | To Whom Pledged |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | TOTALS | | | |

**Schedule G   PARTIAL INTERESTS IN REAL ESTATE EQUITIES**

| | Description & Location | | Original Cost | Present Value of Real Estate | Amount of Ins. Carried | MORTGAGE OR CONTRACT PAYABLE | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Bal. Due | Payment | Maturity | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | TOTALS | | | | | | |

**Schedule H   REAL ESTATE OWNED**

| TITLE OWNERSHIP NAME | Description & Location | | Original Cost | Present Value of Real Estate | Amount of Ins. Carried | MORTGAGE OR CONTRACT PAYABLE | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Bal. Due | Payment | Maturity | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | TOTALS | | | | | | |

**Schedule I   ACCOUNTS, LOANS, NOTES AND MORTGAGES RECEIVABLE**

| MAKER/DEBTOR | Maturity Date | Term & Payment Amt. or Date Full Payment Expected | | | | SECURITY (If Any) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | TOTALS | | | | |

**Schedule J   INTEREST IN NON-MARKETABLE SECURITIES(To Include C-Corps, S-Corps, Ptnrshps, and LLCs)**

| Name of Entity/Security | | Description of Entity/Security | | Book Value Per Financial Statement | Market Value of Entity/Security | Amount of Liabilities including Contingent Liabilities |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | TOTALS | | |

**Schedule K   ACCOUNTS, LOANS, NOTES PAYABLE (other than included in Sch E, F, G, H and J)**

| PAYABLE TO | Other Obligors (If Any) | When Due | | | | | COLLATERAL (If Any) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | TOTALS | | | | | |